United States District Court
Southern District of Texas
**ENTERED**
June 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARREN TRAMELL HUGHES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02977 |
| | § | |
| ED GONZALEZ, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Darren Trammel Hughes filed this petition for habeas corpus under 28 U.S.C. § 2254 to challenge his conviction in Harris County cause number 985661. *See* Doc. No. 1. The intermediate court of appeal noted that Hughes "was convicted of the offense of sexual assault of a child and sentenced to confinement for three years on January 25, 2005." *Hughes v. State*, No. 14-14-00864-CR (Tex. App.—Houston [14th Dist.] Apr. 9, 2015, no pet).

Public court records reflect that Hughes filed this federal petition for a writ of habeas corpus after his sentence was discharged. In particular, the Action Taken sheet from his recent state application for a writ of habeas corpus reflects that the Texas Court of Criminal Appeals dismissed his state application because Hughes is not in custody on this conviction. *See Ex parte Hughes*, WR-76,331-17, Tr. Ct. No. 985661-C (Tex. Crim. App. Dec. 11, 2024). Because Hughes is not in custody for cause number 985661, this petition must be dismissed without prejudice.

1 / 4

# I.   DISCUSSION

United States district courts may only entertain petitions for habeas corpus relief from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added).  The Supreme Court has clarified that, for jurisdiction to attach, a habeas corpus petitioner must be "in custody" at the time his petition is filed.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  A petitioner is not "in custody" for purposes of the federal habeas corpus statutes once his sentence has fully expired.  *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

As noted above, public court records show that Hughes has fully discharged his sentence for sexual assault in Harris County cause number 677196.  Therefore, this Court lacks jurisdiction to determine the legality of that conviction under the federal habeas corpus statutes.  *See Maleng*, 490 U.S. at 492-93; *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *see also Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) ("Federal district courts do not have jurisdiction to entertain section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." (citations omitted)).  Accordingly, the Court must dismiss this petition because Hughes is not "in custody" for this conviction under the habeas statutes.

## II.    CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 282 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether the ruling in this case was correct. Therefore, a certificate of appealability will not issue.

3 / 4

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.    The federal habeas corpus petition is **DISMISSED** without prejudice.

2.    All pending motions, if any, are **DENIED as MOOT**.

3.    A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED on this ___24th___ day of June 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE